UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LINDA CARSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | 3:04-cv-2157 (WWE) |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF CHILDREN AND | : | |
| FAMILIES, KRISTINE RAGAGLIA, | : | |
| MARY SOLERA, JEANETTE PEREZ, | : | |
| JUDITH KALLEN, DOROTHY | : | |
| HAMILTON, NICOLE MCKELVEY, | : | |
| MARGARET MUNIGLE-KUNSCH, | : | |
| CATHLEEN SIMPSON, DAVID | : | |
| WILLIAMS, MALCOLM BLUE, | : | |
| LEANN CESTARI, SHARON GADDY, | : | |
| VICTOR BRATHWAITE in their | : | |
| individual and official capacities, | : | |
| | : | |
| Defendants. | : | January 3, 2006 |

RULING ON DEFENDANTS' MOTION TO DISMISS

This action concerns allegations of violations of employment rights and statutory protections. The plaintiff, Linda Carson, has filed a ten-count complaint in which she alleges three separate violations of the Connecticut Fair Employment Practices Act as to the defendants in their individual and official capacities (Counts One through Three); violations of the Age Discrimination in Employment Act, 29 U.S.C. section 621 et seq. (Count Four); violations of the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq. (Count Five); violations of section 504 of the Rehabilitation Act, 42 U.S.C. section 794 (Count Six); violations of the Workers' Compensation Act, Conn. Gen State. Section 31-290a (Count Seven); breach of

1

contract as to the defendants in their individual and official capacities (Counts Eight and Nine); and intentional infliction of emotional distress.  The defendants now move to dismiss this action [Doc. # 9] pursuant to Fed. R. Civ. P. 12(b)(2), claiming that this Court lacks personal jurisdiction over the defendants Kristine Ragaglia ("Ragaglia"), Jeanette Perez ("Perez"), Judith Kallen ("Kallen"), Dorothea Hamilton ("Hamilton"), Cathleen Simpson ("Simpson"), David Williams ("Williams"), Sharon Gaddy ("Gaddy") and Victor Brathwaite ("Brathwaite"). Additionally, pursuant to Fed. R. Civ. P. 12(b)(5), the defendants move to dismiss the complaint as to all defendants in their official capacities on the ground that the plaintiff failed to effect service of process on them within the 120-day period as required by Fed. R. Civ. P. 4(m).

For the following reasons, the Court will grant the defendants' motion to dismiss and dismiss the complaint <u>without prejudice</u> as to the defendants Ragaglia, Solera, Perez, Kallen, Hamilton, Simpson, Williams, Gaddy and Brathwaite in their individual capacities.  The plaintiff may amend service within 30 days of this ruling.  The Court will deny the defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and direct the plaintiff to effect service of process properly upon the defendants within 30 days of this ruling .

I.  BACKGROUND

Consistent with the standard for a motion to dismiss, the Court construes all of the facts alleged in the complaint as true.

The plaintiff was employed as a social worker by the Connecticut Department of Children and Families ("D.C.F."), commencing in February 1993.  In June 1994, the plaintiff was involved in a non-work related automobile accident in which she suffered injuries and, in December 1996,

2

sustained injury as a result of a work related incident.[1]  The plaintiff's treating physicians duly informed D.C.F. about the plaintiff's injuries and her resulting physical restrictions.

The plaintiff was terminated from D.C.F. on August 17, 1999.  In October 1999, the plaintiff filed an employment discrimination complaint with the State of Connecticut Commission on Human Rights and Opportunities ("CHRO") and the United States Equal Employment Opportunities ("EEOC"), alleging, *inter alia*, that D.C.F. had violated her civil rights be refusing to provide reasonable workplace accommodations.  She also alleged that D.C.F. had violated the provisions of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. Section 46a-60(a)(1) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e, et seq..  She also filed a union grievance, challenging her termination.

In November 2001, the plaintiff was reinstated pursuant to a stipulated agreement and was paid full back wages and benefits.  She was terminated again on October 14, 2002.  The plaintiff filed a second complaint with the CHRO and the EEOC in January 2003; the complaints were dismissed and notices of right to sue were issued in September 2004.  The plaintiff initiated the present action on December 21, 2004.

The plaintiff alleges that process was served or attempted to be served on all defendants properly and within the requisite period of time.

II.  DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which might be offered in support thereof."

---

[1] As a result of the aforementioned work related accident, the plaintiff filed a claim for benefits pursuant to the Workers Compensation Act, chapter 568, Conn. Gen. Stat. Section 31-275, et seq.  These injuries were deemed compensable pursuant to the Act.

Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

  1. Service of Process: Individual Capacities

The Federal Rules of Civil Procedure provide that an individual may be served pursuant to the law of the state for service upon a defendant or by delivering the summons and complaint to the individual or his dwelling or an authorized agent.  See Fed.R.Civ.P. 4(e).[2]  Connecticut General Statutes § 52-64 allows for service against the state and its agents by leaving an attested copy of the process and complaint with the Attorney General in Hartford.  Connecticut General Statutes § 52-57(a), however, requires that service of civil process on individuals be made by leaving the process and the complaint "with the defendant, or at his usual place of abode." Accordingly, depositing the summons and complaint with the Attorney General's office in Hartford has been found to be insufficient to establish personal jurisdiction over the defendant in an individual capacity.  See Burgos v. Department of Children and Families, 83 F.Supp.2d 313,

---

[2] Fed. R. Civ. P. 4(e) provides in relevant part: "Service upon an individual . . . may be effected in any judicial district of the U.S.: (1) pursuant to the law of the State in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of the general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

316 (D.Conn. 2000) (holding that service on the defendant through the Attorney General or through D.C.F. was insufficient to confer personal jurisdiction over her in her individual capacity).

However, there are instances of improper service in which the court may order that such improper service be amended.

> Failure to serve a defendant with a summons is considered a defect in process which may be cured by applying to the court for relief under Rule 4(h) . . . Such rule permits a court, in its discretion, to allow any process of proof of service of process to be amended. This provision has been liberally construed in order that litigants may have their day in court. The power extends to any process, including that which is legally defective, and the court may order the amendment at any point in time. The court may not grant the amendment if material prejudice would result to the substantial rights of the party against whom the process is issued. In cases where the defendant has received actual notice of the suit and, in particular, notice of the facts upon which the complaint is based, no prejudice would result by allowing an amendment to cure the defects in process.

Smith v. Boyer, 442 F.Supp.62, 63-64 (1977).

While there appears to be no argument that the plaintiff failed to serve the defendants either personally or in their place of abode, neither is there any argument that the defendants were unaware of the suit or the facts upon which the complaint is based or that they have suffered or will suffer any prejudice as a result of such improper service. Accordingly, the Court will exercise its discretion, construe the rule liberally and dismiss the action without prejudice. The plaintiff may amend the service of process within thirty days of this ruling.

2.   Service of Process: Official Capacities

The defendants also argue that the claims against them in their official capacities should be dismissed because they were not served with the summons within 120 days of the filing of the complaint, as required by Fed. R. Civ. P 4(m). However, the Rule specifically provides that if

5

the plaintiff fails to effect service of process within the 120-day limit, the court, "upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific period of time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

However, courts have also determined that extensions of time may be granted where there is no showing of good cause for the plaintiff's delay. Henderson v. United States, 517 U.S. 654, 658 n. 5 (1996). "Notes from the Advisory Committee on the Federal Rules reveal that such relief may be justified if, for example, the applicable statute of limitations would bar the refiled action." Board of Trustees of Trucking Employees v. Canny, 876 F.Supp. 14, 16 (N.D.N.Y. 1995) (extension granted when service was effected merely two days after the expiration of the 120-day period and the statute of limitations would preclude the plaintiff from refiling the complaint). In Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 345 (S.D.N.Y. 1996), the court denied the motion to dismiss because service of process was effected only nine days after the 120-day period and dismissal would bar the plaintiff from refiling the underlying action. See Johnson v. Fleet, 371 F.Supp.2d 155, 157 (D.Conn. 2005) (denying motion to dismiss, despite the plaintiff's 203-day delay in effecting service, because dismissal would preclude plaintiff from bringing her EEOC action within 90 days of receipt of right to sue notice).

Here, the plaintiff effected service upon six of the nine defendants (defendants McKelvey, Simpson, Williams, Gaddy, Braithwaite, Ragaglia, Perez, and Kallen) within the 120-day time period, two (defendants Blue and Kunsch) were served on the 121st day, and one (defendant Cestari) was served eleven days after the expiration of the 120-day period. The plaintiff received

her notices of the right to sue from the CHRO and the EEOC in September 2004. A dismissal of her complaint at this time would obviate her refiling of the matter. Accordingly, the Court denies the defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(5) and directs the plaintiff to serve process properly upon these defendants within 30 days of this Court's ruling.

III.    CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss [Doc. #9] the complaint is GRANTED without prejudice as to the defendants Ragaglia, Solera, Perez, Kallen, Hamilton, Simpson, Williams, Gaddy and Brathwaite in their individual capacities. The plaintiff may amend the service of process within 30 days of this ruling. The defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process is DENIED and the Court hereby orders the plaintiff to effect service properly upon the defendants within 30 days of the date of this ruling.

SO ORDERED this _3rd__ day of January, 2006 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge